United States District Court
Southern District of Texas
**ENTERED**

United States District Court
Southern District Of Texas 19
**FILED**
David J. Bradley, Clerk

**JUL 18 2019**

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| ROLANDO MANUAL RODRIGUEZ | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-00057 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner, Rolando Manual Rodriguez, a Texas prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This case was transferred to the McAllen Division on February 20, 2019. (*See* Dkt. No. 6). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

After a careful review of the record and relevant law, the undersigned recommends that the State's motion for summary judgment (Dkt. No. 10) be **GRANTED**, that Petitioner's § 2254 petition for writ of habeas corpus (Dkt. No. 1) be **DENIED**, and that this action be **DISMISSED** with prejudice. It is further recommended that a certificate of appealability be **DENIED** and the case be closed.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner pled guilty to one count of robbery[1] in the 381st District Court of Starr County, Texas, and, on June 19, 2018, was sentenced to 10 years' imprisonment. (Dkt. No. 11-2 at 9). Petitioner did not appeal his conviction or sentence. (Dkt. No. 1 at 3).

---

[1] This plea was to a lesser included charge. (Dkt. No. 11-2 at 9). Petitioner was originally charged in the indictment with aggravated robbery with a deadly weapon. (*See* Dkt. No. 11-2 at 7).

Petitioner filed an application for writ of habeas corpus with the Texas Court of Criminal Appeals on November 21, 2018.[2] (Dkt. No. 11-2 at 12-29). In his state application, Petitioner raised five grounds: (1) a witness, Robert Israel Rodriguez, was not credible and his statement should have been inadmissible; (2) the victim, Audrey Gonzalez, was not credible; (3) Petitioner was denied the right to confront adverse witnesses; (4) there was prosecutorial misconduct; and (5) Petitioner requested DNA testing. (*Id.*). The Court of Criminal appeals denied the application without written order on January 30, 2019. (Dkt. No. 11-1).

Petitioner filed the instant § 2254 petition on February 13, 2019. (Dkt. No. 1 at 10).

## II. SUMMARY OF THE PLEADINGS

Petitioner attempts to raise four grounds, which the undersigned regroups as three. First, Petitioner claims that he was denied the right to confront adverse witnesses against him at trial, including the victim and his co-defendant. (Dkt. No. 1 at 6).

Second, Petitioner takes issue with the credibility of a witness, Robert Israel Rodriguez. (*Id.* at 6). Petitioner claims that the prosecution threatened Robert "with his federal probation" to "force a . . . statement." (*Id.*). Petitioner also claims the victim, Audrey Gonzalez, lacked credibility because she allegedly could not identify the assailant "not through photos or any other means." (*Id.* at 7).

Third, Petitioner claims that there was insufficient evidence to support his conviction. (*Id.*). Petitioner states that the knife was not "tested to prove it was used [in a] crime" and that in "fact no weapon was ever found." (*Id.*). Petitioner also complains that no DNA evidence was taken to "confirm identity." (*Id.*). Petitioner requests a "mistrial" and argues that the state "failed to prove any elements" of the crime. (*Id.*).

---

[2] This date is taken from Petitioner's state habeas petition, although Petitioner does not explicitly indicate the date the petition was placed in the prison mailing system for filing.

The State responded with a motion for summary judgment, arguing that Petitioner's last claim is unexhausted because it was not raised in his state habeas application. (Dkt. No. 10 at 5-8). The State argues that Petitioner's other claims are without merit and should be dismissed. (*Id.* at 10-14).

## III. APPLICABLE LAW AND ANALYSIS

### A. AEDPA Standard

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to a Supreme Court decision on a question of law, or if it arrives at a different result than the Supreme Court did on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. The standard is "objectively unreasonable." *Id.* A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The state court's factual findings are entitled to a presumption of correctness, and to rebut that presumption, Petitioner must show by clear and convincing evidence that the state court determinations are not fairly supported by the record. *See* 28 U.S.C. § 2254(e)(1). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions", and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The court must construe a pro se petitioner's pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, a petitioner must still plead sufficient facts to support his claims that extend beyond mere conclusory allegations. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

**B.     Analysis**

In this case, the state court did not issue a written opinion when denying Petitioner's state habeas application. When "a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). There is no requirement that a state court write an opinion explaining the court's reasoning. *Id.* at 98. "For such a situation, our court: (1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

There is no indication from the record that the state court resolved Petitioner's state habeas application on procedural grounds. As such, the undersigned assumes that the state court adjudicated Petitioner's state habeas application on its merits.

Petitioner simply re-presents his first three claims to this Court, as though pleading them anew. He does not claim that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law or that the state court based its decision on an unreasonable determination of the facts. Liberally construing his petition, the undersigned interprets Petitioner's pleadings to allege that the state court did, in some manner, err in denying his state habeas application.

1.     *Right to Confront Adverse Witnesses*

Petitioner contends that he was denied his Sixth Amendment right to confront adverse witnesses. As alleged by the State in its response filed in the state habeas proceeding, Petitioner pled not guilty and proceeded to jury trial on June 18, 2018. (Dkt. No. 11-2 at 33). On the second day of trial, however, Petitioner changed his plea to guilty and pled guilty to the lesser included offense of robbery. (*Id.*).

The state court Judgment of Conviction shows that Petitioner pled guilty to robbery and waived his right to trial. (*Id.* at 9-10). The state judge "admonished Defendant as required by law" and "it appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea." (*Id.*).

Petitioner does not show that the state court decided his claim contrary to, or based on an unreasonable application of, federal law, or that the state court made an unreasonable determination of the facts. Petitioner was not denied his Sixth Amendment right to confront witnesses. Rather, Petitioner waived this right when he decided to plead guilty. "When a

defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 629 (2002). "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial" including "the right to confront one's accusers." *Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (citations omitted). Petitioner does not claim his plea was invalid or address his guilty plea at all in his pleadings.

For the above reasons, this claim should be dismissed.

2.     *Credibility of Witnesses*

Petitioner asserts that the statements or testimony of two witnesses were not credible for various reasons. Petitioner's opinion of the witnesses' credibility does not present any cognizable habeas claim. Credibility is a determination left to the jury. *See Quercia v. United States*, 289 U.S. 466, 470-71 (1933); *United States v. Fischer*, 531 F.2d 783, 786-87 (5th Cir. 1976). Liberally construing his claim, the undersigned believes Petitioner is attempting to argue that he was denied the right to have the credibility of the witnesses weighed at trial, and had their credibility been properly assessed, it would have been found lacking. Again, however, Petitioner pled guilty, waiving his right to trial by jury. *Boykin*, 395 U.S. at 243. Petitioner does not claim his plea was invalid or address his guilty plea at all.

Petitioner does not show that the state court erred in deciding his claim. This claim should be dismissed.

3.     *Sufficiency of the Evidence*

The State contends that, because Petitioner failed to raise this claim before the state court, this claim is unexhausted and is procedurally barred. (Dkt. No. 10 at 6-7). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b).  A petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made."  *Anderson v. Harless*, 459 U.S. 4, 5-6 (1982) (citations omitted).

It is true that Petitioner never argued to the state court that his conviction was not supported by sufficient evidence.  In his state habeas petition, Petitioner requested DNA testing pursuant to Texas Code of Criminal Procedure Article 64.01.  (Dkt. No. 11-2 at 25).  Petitioner argued that the two items, a black hat and a knife, found at the scene "could contain DNA that will establish the person that committed [the] crime . . . ."  (*Id.*).  This state law motion is not the same as the sufficiency-of-the-evidence claim Petitioner makes now.  Petitioner now argues before this Court that the evidence "gathered from Rodriguez's mother's house (knife)" and "other evidence has not been tested to prove it was used [in a] crime."  (Dkt. No. 1 at 7).  "[In] fact no weapon was ever found.  No DNA was ever collected to confirm identity."  (*Id.*).  Petitioner goes on to request a "mistrial" because "the State failed to prove any element(s) of the crime."  (*Id.*).

The Supreme Court has "long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  Additionally, "[a] procedural default . . . occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.' "  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).  If Petitioner were to return to state court now, this sufficiency-of-the-evidence claim would

be barred on state grounds because he could have raised it in his first habeas application; a second state habeas application would be barred by the Texas abuse-of-writ doctrine. *Id.* at 422-23. Petitioner, therefore, can only escape this procedural default if he shows cause for the default and actual prejudice, or demonstrate that he meets the fundamental miscarriage of justice exception. *Id.* at n.33; *Coleman,* 501 U.S. at 750. Petitioner has made no argument regarding cause and prejudice or fundamental miscarriage of justice.

Title 28 U.S.C. Section 2254 explicitly provides that "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State" a federal court may deny a § 2254 petition on the merits. 28 U.S.C. § 2254(b)(2). Although the State's exhaustion argument is well taken, because Petitioner's claim is plainly meritless, the undersigned finds it would be more expedient for all to dismiss Petitioner's claim on the merits at this time.

Petitioner, once more, ignores the fact that he pled guilty. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce,* 488 U.S. 563, 569 (1989). A guilty plea requires the "defendant's admission in open court that he committed the acts charged in the indictment. . . . But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered . . . ." *Brady v. United States,* 397 U.S. 742, 748 (1970); *Machibroda v. United States,* 368 U.S. 487, 493 (1962) ("A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence.").

In other words, Petitioner's guilty plea is all the "evidence" needed to sustain his conviction. "Accordingly, when the judgment of conviction upon a guilty plea has become final

and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." *Broce*, 488 U.S. at 569. Petitioner does not claim his guilty plea was invalid.

Perhaps Petitioner feels that DNA evidence or the introduction of the knife into evidence would have been influential at trial. Certainly, that type of evidence could have been impactful on a jury, but Petitioner fails to show why it matters now. Petitioner pled guilty and waived his right to trial. Whether he now believes the State could not have met its burden, had he forced it to prove its case at trial, is of no import. *Broce*, 488 U.S. at 571 (defendants may "believe that they made a strategic miscalculation" but "such grounds do not justify setting aside an otherwise valid guilty plea"); *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005) ("[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal.").

This claim should be dismissed.

## IV.  CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that the State's motion for summary judgment (Dkt. No. 10) be **GRANTED**, that Petitioner's § 2554 petition for writ of habeas corpus (Dkt. No. 1) be **DENIED**, and that this action be **DISMISSED** with prejudice.

### *Certificate of Appealability*

It is recommended that a Certificate of Appealability (COA) be **DENIED**.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), the petitioner may not appeal the final order of a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A).   The Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Rule 11, The Rules Governing Section 2254 Proceedings.   Because it is recommended that Petitioner's § 2254 application be dismissed, the undersigned must address whether he is entitled to a COA.

A petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).   Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.   28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b).   Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The Clerk of this Court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 18th day of July, 2019, at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge